IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON HEARD, ) | |
| ) | |
| Petitioner, ) | Case No. 7:21-cv-00321 |
| v. ) | |
| ) | |
| WARDEN STREEVAL, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION

Brandon Heard, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Heard challenges the validity of a federal sentence imposed by the United States District Court for the Northern District of Ohio ("District Court"). The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 5. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, the court will grant the respondent's motion and dismiss the petition.

### I. BACKGROUND

In the early morning hours of March 27, 2016, Heard and his codefendant, Milton Sherrod, drove to a gas station in East Cleveland, Ohio, after leaving a night club. United States v. Heard, 749 F. App'x 367, 369 (6th Cir. 2018). "Both men were convicted felons," and "[e]ach had a gun in the car." Id. Heard claimed that an unknown male shot at them from another vehicle and that he responded by firing his gun in the air. Id. Sherrod then sped out of the parking lot, and he and Heard led nearby officers on a high-speed chase through a residential neighborhood. Id. After crashing into a house, Sherrod and Heard escaped from

their vehicle and ran in different directions, each followed by an officer. Id. Following a short foot chase, the officers apprehended both men and took them into custody. Id.

On April 27, 2016, a federal grand jury in the Northern District of Ohio returned an indictment charging Heard and Sherrod with one count each of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Indictment, United States v. Heard, 1:16-cr-00134 (N.D. Ohio Apr. 27, 2016), Dkt. No. 1.[1] The indictment alleged that Heard was previously convicted of "Felonious Assault with Firearm Specification, in Case number 06-477899-C, in the Cuyahoga County Common Pleas Court, on or about November 3, 2006."[2] Id. Heard pleaded guilty to the felon-in-possession charge on June 29, 2016.

In preparation for sentencing, the United States Probation Office issued a presentence investigation report (PSR). The PSR calculated a total offense level of 21 and a criminal history category of III, which yielded a recommended range of imprisonment of 46 to 57 months under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G"). Sentencing H'rg Tr., Dkt. No. 60, at 6. Prior to sentencing, the District Court provided notice of a possible upward variance from the advisory Guidelines range. Id.

---

[1] All further docket references (Dkt. No.) in this section refer to the docket in the underlying criminal case.

[2] Ohio's felonious-assault statute prohibits a person from causing "serious physical harm to another," or causing or attempting to cause "physical harm to another . . . by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code Ann. § 2903.11(A). "[U]nder Ohio's firearm-specification statute, an individual charged with an offense is subject to an additional, mandatory prison term if he 'had a firearm on or about [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense.'" Wade v. Timmerman-Cooper, 785 F.3d 1059, 1063-64 (6th Cir. 2015) (quoting Ohio Rev. Code Ann. § 2941.145(A)).

During the sentencing hearing on January 26, 2017, the government argued that "46 to 57 months [was] not an adequate range for [Heard]" because he had recently "spent nine years in prison for shooting at two people and shooting two others," and at the time of the offense of conviction, he was "on post-release control for [those offenses]." Id. at 16. Following a response from Heard, the District Court varied upward and imposed the statutory maximum term of imprisonment of 120 months. Id. at 27. In explaining its decision to vary upward, the District Court discussed several factors that weighed in favor of an upward variance, including the fact that Heard had just "served a nine-year prison sentence for four counts of felonious assault with firearm specifications." Id. at 22.

Heard appealed his sentence to the United States Court of Appeals for the Sixth Circuit. On appeal, Heard argued that his sentence was substantively unreasonable because the District Court's justification for an upward variance included factors for which the Guidelines had already accounted, including his prior criminal history. Heard, 749 F. App'x at 373. In an unpublished opinion, the Sixth Circuit affirmed the judgment of the District Court. Id. at 375.

On November 19, 2018, Heard moved to vacate his sentence under 28 U.S.C. § 2255. Dkt. No. 63. The District Court denied the motion on March 21, 2019, and the Sixth Circuit declined to issue a certificate of appealability. Dkt Nos. 64 and 67.

Heard is presently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 20, 2021. Relying on the Sixth Circuit's en banc decision in United States v. Burris, 912 F.3d 386 (6th Cir. 2019), Heard argues that his sentence is "erroneous" because "his prior state offenses of felonious assault do[] not qualify as violent felony predicates under the

3

Guidelines." Pet., ECF No. 1, at 1. Heard further argues that he is entitled to seek relief under § 2241 based on the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id.

On August 4, 2021, the respondent moved to dismiss the petition for lack of jurisdiction. Mot. to Dismiss, ECF No. 5, at 1. Heard has not responded to the motion, and the time for filing a response has expired.

## II. DISCUSSION

Generally, defendants who are convicted in federal court "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 425–26. Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal sentence. Id.

"In evaluating a § 2241 petition brought pursuant to the savings clause, [the court must] consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021) (citing Hahn, 931 F.3d at 300–01). In Wheeler, the Fourth Circuit established a test for determining when the savings clause may be used to challenge a federal criminal sentence.

4

The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). If any one of the requirements is not satisfied, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425.

In this case, Heard argues that the Sixth Circuit's decision in Burris renders his sentence invalid. In Burris, the Sixth Circuit considered "whether convictions of Ohio felonious assault and Ohio aggravated assault qualify as violent-felony predicates under the [Armed Career Criminal Act ("ACCA")] and Guidelines elements clauses." 912 F.3d at 390 (lead op.) (citing 18 U.S.C. § 924(e)(2)(B)(i); U.S.S.G. § 4B1.2(a)(1)). The Court concluded that "Ohio felonious assault and Ohio aggravated assault are too broad to always (or categorically) qualify as violent-felony predicates" since "they each criminalize more conduct than is described in the ACCA and Guidelines element clauses" Id. at 390–91 (lead op.). Nonetheless, the Court determined that both criminal statutes are divisible and that each statute sets forth a separate crime that qualifies as a violent-felony predicate under the ACCA and the Guidelines. Id. With respect to the felonious-assault statute, Ohio Rev. Code Ann. § 2903.11(A), the Sixth Circuit

5

concluded that a conviction under subsection (A)(2), which requires the use of a deadly weapon or dangerous ordnance, qualifies as a violent felony. Id. at 406 (lead op.).

In response to Heard's petition, the government correctly points out that Heard was not sentenced as an armed career criminal under the ACCA. Therefore, his prior convictions for felonious assault did not affect his statutory sentencing range. At most, they were relied upon to support an enhanced offense level under § 2K2.1 of the Guidelines[3] and an upward variance from the advisory Guidelines range. Even assuming that Heard's prior convictions no longer qualify as violent-felony predicates under the Guidelines,[4] the sentence imposed by the District Court does not "present[] an error sufficiently grave to be deemed a fundamental defect" for purposes of the savings clause. Wheeler, 886 F.3d at 429.

In United States v. Foote, the Fourth Circuit distinguished a misapplied Guidelines enhancement from fundamental defects such as "sentences issued in excess of the maximum authorized by law." 784 F.3d 931, 942 (4th Cir. 2015). Since there was "no dispute that [the defendant's] sentence did not exceed the statutory maximum," the Court concluded that the alleged Guidelines error did "not rise to the level of a 'fundamental' defect." Id. at 943; see also Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) (reaffirming that "a 'fundamental

---

[3] Although the PSR has not been provided to this court, the sentencing transcript indicates that Heard was assigned a base offense level of 20. Sentencing H'rg Tr. at 5. For convictions under 18 U.S.C. § 922(g), the Guidelines provide for a base offense level of 20 "if the defendant committed any part of the . . . offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The term "crime of violence," as used in § 2K2.1, is defined in § 4B1.2(a), which was discussed in Burris. See U.S.S.G. § 2K2.1 cmt. n.1.

[4] Neither side has presented any documents from the state criminal case that specify which subsection of Ohio's felonious-assault statute formed the basis of Heard's prior convictions. See, e.g., United States v. Al-Muwwakkil, 983 F.3d 748, 755 (4th Cir. 2020) ("When a defendant is convicted of violating a divisible statute, courts can look beyond the statutory elements to the charging paper . . . ([and other] Shepard-approved documents) to determine what offense the defendant was convicted of committing.") (internal quotation marks and citations omitted) (referencing Shepard v. United States, 544 U.S. 13 (2005).

defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced . . . 'under an advisory Guidelines scheme'") (quoting Foote, 784 F.3d at 931, 932, 941). Other courts, including the Sixth Circuit, have reached the same conclusion. See Bullard v. United States, 937 F.3d 654, 659–61 (6th Cir. 2019) (holding that an alleged error in applying the advisory Guidelines did not constitute the type of fundamental defect that could be raised on collateral review).

Here, it is undisputed that Heard's prior convictions for felonious assault did not result in a higher mandatory minimum sentence and that his 120-month sentence does not exceed the statutory maximum for his offense. See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years . . . ."). Consequently, the alleged error in the application of the advisory Guidelines "does not rise to the level of a 'fundamental' defect." Foote, 784 F.3d at 943. As a result, Heard is unable to satisfy the fourth prong of the Wheeler test, and the court lacks jurisdiction over his petition.

### III.  CONCLUSION

For the reasons stated herein, the court concludes that Heard cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **GRANTS** the respondent's motion to dismiss and **DISMISSES** Heard's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: December 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.12.01 17:18:09
-05'00'

Michael F. Urbanski
Chief United States District Judge